*The Honorable Benjamin H. Settle*

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| MADISON MEADOWS, individually and on behalf of all others similarly situated, | Case No. 3:25-cv-05841-BHS |
| Plaintiff, | **DEFENDANT'S MOTION TO DISMISS AND STRIKE PLAINTIFF'S CLASS ACTION COMPLAINT** |
| v. | |
| LANDS' END, INC., | Note on motion calendar: January 30, 2026 |
| Defendant. | Oral argument requested |

1

## TABLE OF CONTENTS

2

**Page**

I.    INTRODUCTION ................................................................................. 1

II.   BACKGROUND .................................................................................. 2

III.  LEGAL STANDARDS ......................................................................... 3

IV.   ARGUMENT ....................................................................................... 4

    A.    Plaintiff Fails To Allege Fraud With Particularity ................................. 4

    B.    Plaintiff Fails To Adequately Allege CEMA And CPA Claims Based On Email Subject Lines ................................................................. 9

    C.    Plaintiff Fails To Adequately Allege An Independent CPA Claim .................... 12

    D.    Plaintiff Fails To Adequately Allege A Breach Of Contract ............................. 13

    E.    Plaintiff Fails To Adequately Allege A Breach Of Express Warranty ...................................................................................................... 14

    F.    Plaintiff Fails To State A Claim For Quasi-Contract/Unjust Enrichment ....................................................................................... 14

    G.    Plaintiff Fails To State A Claim For Negligent Misrepresentation ................... 15

    H.    Plaintiff Fails To State A Claim For Punitive Damages ...................................... 16

    I.    Plaintiff Lacks Standing For Injunctive Relief ................................................. 16

V.    CONCLUSION ..................................................................................... 18

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEF. LANDS' END, INC.'S MOT. TO DISMISS AND
STRIKE COMPLAINT - *i*
No. 3:25-cv-05841-BHS

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Azimpour v. Sears, Roebuck & Co.*,
   2016 WL 7626188 (S.D. Cal. Oct. 17, 2016) ............................................................7

*Babaian v. Dunkin' Brands Grp., Inc.*,
   2018 WL 11445614 (C.D. Cal. Feb. 16, 2018).................................................14, 15

*Baxter v. Salton, Inc.*,
   2011 WL 888017 (W.D. Wash. Mar. 14, 2011) .......................................................16

*Benanav v. Healthy Paws Pet Ins., LLC*,
   2021 WL 4319447 (W.D. Wash. Sept. 23, 2021) .......................................................7

*Binder v. Premium Brands Opco LLC*,
   2024 WL 2978506 (S.D.N.Y. June 11, 2024) ..........................................................15

*Brazil v. Dell Inc.*,
   2010 WL 5258060 (N.D. Cal. Dec. 21, 2010) ..........................................................13

*Brotherson v. Prof. Basketball Club, LLC*,
   604 F. Supp. 2d 1276 (W.D. Wash. 2009)................................................................12

*Brown v. Old Navy, LLC*,
   567 P.3d 38 (Wash. 2025)...................................................................................10, 11

*Cordes v. Boulder Brands USA, Inc.*,
   2018 WL 6714323 (C.D. Cal. Oct. 17, 2018) ..........................................................17

*Cousineau v. Microsoft Corp.*,
   992 F. Supp. 2d 1116 (W.D. Wash. 2012)..........................................................12, 15

*DaimlerChrysler Corp. v. Cuno*,
   547 U.S. 332 (2006)....................................................................................................4

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018) ..............................................................................16, 17

*Fed. Signal Corp. v. Safety Factors, Inc.*,
   886 P.2d 172 (Wash. 1994).......................................................................................14

*Gerboc v. ContextLogic, Inc.*,
   867 F.3d 675 (6th Cir. 2017) ......................................................................................8

DEF. LANDS' END, INC.'S MOT. TO DISMISS AND
STRIKE COMPLAINT - *ii*
No. 3:25-cv-05841-BHS

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

*Glenn v. Americo*,
  2024 WL 5077354 (W.D. Wash. Dec. 11, 2024) .................................................16

*Gordon v. Virtumundo, Inc.*,
  575 F.3d 1040 (9th Cir. 2009) .............................................................9, 10

*Gray v. Twitter Inc.*,
  2021 WL 11086642 (W.D. Wash. Mar. 17, 2021) .....................................6

*Hadley v. Kellogg Sales Co.*,
  243 F. Supp. 3d 1074 (N.D. Cal. 2017) ..................................................6

*Hall v. Smosh Dot Com, Inc.*,
  72 F.4th 983 (9th Cir. 2023) ..................................................................9

*Harris v. U.S. BankCorp*,
  2019 WL 5536402 (W.D. Wash. Oct. 25, 2019) ....................................15

*Haywood v. Amazon.com, Inc.*,
  2023 WL 4585362 (W.D. Wash. July 18, 2023) .....................................13

*Hennessey v. Gap, Inc.*,
  86 F.4th 823 (8th Cir. 2023) ............................................................8, 13

*Hernandez v. Johnson & Johnson*,
  2021 WL 320612 (E.D. Wash. Jan. 8, 2021) .........................................8

*Hold Sec. LLC v. Microsoft Corp.*,
  705 F. Supp. 3d 1231 (W.D. Wash. 2023)............................................15

*ICT Law PLLC v. SeaTree PLLC*,
  2018 WL 4951942 (W.D. Wash. Oct. 12, 2018) .....................................6

*In re Amazon Prime Video Litig.*,
  2024 WL 1138906 (W.D. Wash. Mar. 15, 2024) ..............................14, 15

*In re Amazon Serv. Fee Litig.*,
  705 F. Supp. 3d 1255 (W.D. Wash. 2023)..............................................7

*In re Ditropan XL Antitrust Litig.*,
  529 F. Supp. 2d 1098 (N.D. Cal. 2007) ..................................................4

*In re Evenflo Co., Inc. Mktg., Sales Pracs. & Prods. Liab. Litig.*,
  707 F. Supp. 3d 103 (D. Mass. 2023) ...................................................17

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) ..............................................................3

DEF. LANDS' END, INC.'S MOT. TO DISMISS AND
STRIKE COMPLAINT - *iii*
No. 3:25-cv-05841-BHS

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

*Jongeward v. BNSF Ry.*,
  278 P.3d 157 (Wash. 2012)................................................................16

*Julian v. TTE Tech., Inc.*,
  2021 WL 810228 (N.D. Cal. Mar. 3, 2021).......................................16

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ....................................................4, 5, 6

*Kim v. Carter's Inc.*,
  598 F.3d 362 (7th Cir. 2010) ......................................................8, 13

*Kinney v. Amazon.com, Inc.*,
  2024 WL 867072 (N.D. Ill. Feb. 29, 2024) ........................................12

*Krakauer v. Recreational Equip., Inc.*,
  2024 WL 1494489 (W.D. Wash. Mar. 29, 2024) ........................7, 8, 12

*Lazy Y Ranch Ltd. v. Behrens*,
  546 F.3d 580 (9th Cir. 2008) ...............................................................4

*Lemelson v. Wells Fargo Bank, N.A.*,
  641 F. Supp. 3d 1005 (W.D. Wash. 2022)...........................................13

*Loomis v. Slendertone Distrib., Inc.*,
  420 F. Supp. 3d 1046 (S.D. Cal. 2019)................................................17

*Mahfood v. QVC, Inc.*,
  2007 WL 9363986 (C.D. Cal. Feb. 7, 2007)..........................................8

*Marks v. United Parks & Resorts, Inc.*,
  2025 WL 2767941 (S.D. Cal. Sept. 26, 2025) ....................................4, 7

*Matic v. U.S. Nutrition, Inc.*,
  2019 WL 3084335 (C.D. Cal. Mar. 27, 2019) .....................................17

*Mayfield v. United States*,
  599 F.3d 964 (9th Cir. 2010) ..............................................................17

*McGee v. S-L Snacks Nat'l*,
  982 F.3d 700 (9th Cir. 2020) ................................................................8

*Microsoft Corp. v. My Choice Software, LLC*,
  2018 WL 9662626 (W.D. Wash. Sept. 28, 2018)..................................11

*Minnick v. Clearwire US, LLC*,
  683 F. Supp. 2d 1179 (W.D. Wash. 2010)............................................14

DEF. LANDS' END, INC.'S MOT. TO DISMISS AND
STRIKE COMPLAINT - *iv*
No. 3:25-cv-05841-BHS

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

*Montes v. Spare Grp. LLC*,
  2023 WL 4140836 (E.D. Wash. June 22, 2023) ...............................................12

*Moody v. Hot Topic, Inc.*,
  2023 WL 9511159 (C.D. Cal. Nov. 15, 2023) ..............................................7, 13

*Nienaber v. Overlake Hosp. Med. Ctr.*,
  733 F. Supp. 3d 1072 (W.D. Wash. 2024) ......................................................14

*Nunez v. Best Buy Co.*,
  315 F.R.D. 245 (D. Minn. 2016) .......................................................................8

*Ogorsolka v. Residential Credit Sols., Inc.*,
  2014 WL 2860742 (W.D. Wash. June 23, 2014) ............................................13

*Puget Soundkeeper All. v. APM Terminals Tacoma LLC*,
  545 F. Supp. 3d 893 (W.D. Wash. 2021) ........................................................15

*Rydman v. Champion Petfoods USA, Inc.*,
  2023 WL 3506133 (W.D. Wash. May 17, 2023) ............................................12

*Shaulis v. Nordstrom, Inc.*,
  865 F.3d 1 (1st Cir. 2017) ............................................................................8, 13

*Shields v. Fred Meyer Stores Inc.*,
  741 F. Supp. 3d 915 (W.D. Wash. 2024) ........................................................13

*Six v. IQ Data Int'l, Inc.*,
  129 F.4th 630 (9th Cir. 2025) ...........................................................................9

*Somers v. Apple, Inc.*,
  729 F.3d 953 (9th Cir. 2013) .............................................................................4

*Sperling v. DSWC, Inc.*,
  699 F. App'x 654 (9th Cir. 2017) ......................................................................6

*Stanford Tukwila Hotel Corp. v. GBC Int'l Bank*,
  2022 WL 279321 (W.D. Wash. Jan. 31, 2022) ...............................................16

*Stiley v. Block*,
  925 P.2d 194 (Wash. 1996) .............................................................................10

*Strategic InStore Sols., Inc. v. idX Corp.*,
  2009 WL 10723387 (W.D. Wash. Nov. 20, 2009) ...........................................5

*Taylor v. Amazon.com, Inc.*,
  2024 WL 3326430 (W.D. Wash. July 8, 2024) ...............................................12

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

*Traer v. Domino's Pizza LLC*,
    2022 WL 3575318 (C.D. Cal. July 12, 2022) ........................................................................17

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021) .............................................................................................................9

*Vess v. Ciba-Geigy Corp.*,
    317 F.3d 1097 (9th Cir. 2003) ........................................................................................4, 6

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) ...............................................................................................4

## STATUTES

15 U.S.C.
    § 7701 *et seq.* ......................................................................................................................9
    § 7704(a)(2) .........................................................................................................................9
    § 7707(b) ............................................................................................................................10

RCW 19.190.020(1)(b) .................................................................................................9, 10

RCW 62A.2-313(2) ...........................................................................................................14

## RULES

Fed. R. Civ. P.  9(b) ...................................................................................................4, 6, 7, 12

Fed. R. Civ. P. 12(f) ...............................................................................................................4

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

1    **I.**    **INTRODUCTION**

2        Most customers love a good deal. For those customers, the rotating, seasonal discounts on

3 Defendant Lands' End, Inc.'s products are welcome opportunities to buy high-quality merchandise

4 at affordable prices. According to Plaintiff Madison Meadows, however, those discounts are

5 illegal. She alleges a far-flung "false discount" scheme and asserts eight state-law claims on behalf

6 of a putative statewide class. Those claims are meritless. Plaintiff received the products she

7 ordered at the prices she agreed to pay. She does not and cannot allege that she suffered any injury

8 in this straightforward commercial transaction. Her allegations—which rely only on a handful of

9 website screenshots, generic "up to X%" promotions for seasonal discounts such as swimsuits in

10 July and jackets in the winter, and two post-purchase emails—do not satisfy Rule 8, much less

11 Rule 9(b). Each claim fails as a matter of law and should be dismissed; in the alternative, the

12 improper punitive damages remedy she seeks should be stricken.

13        All of Plaintiff's claims sound in fraud and require particularized allegations to satisfy Rule

14 9(b). The Complaint provides none. It offers no facts to show that *any* particular discount was

15 "persistently available," let alone *all* of them, as it asserts. Plaintiff insists that Lands' End's

16 statements regarding "regular" prices and "limited time" discounts were false and misled her, but

17 she identifies no promotions on which she relied. And Plaintiff alleges no advertised regular price

18 histories, no "true" former prices, and no "true" discounts for any products, including the two

19 products she purchased, which she undisputedly received for the advertised prices. Miscellaneous

20 screenshots do not fill those gaps and are just pictures of products she did not purchase and sales

21 she did not see, and (anyway) cover only isolated dates across more than three years. Her

22 allegations only underscore both what was disclosed and what reasonable customers knew: that

23 sales and discounts vary widely by offer, product, color, and sales channel. For these reasons, the

24 Complaint fails to allege particularized circumstances constituting fraud under Rule 9(b).

25        Plaintiff's claims fail for additional, independent reasons. ***First***, the statutory claims based

26 on the two post-purchase marketing emails Plaintiff received fail because she alleges no Article

27 III injury, federal law preempts the claims, and nothing shows the two benign subject lines were

28

materially false.  **Second**, the independent Consumer Protection Act claim requires a specific injury to property, which Plaintiff cannot allege without showing the prices for her purchases and explaining how she personally overpaid.  **Third**, the contract claim does not state a plausible contractual promise that Lands' End's advertised regular prices are equal to unspecified market values.  Instead, the straightforward sales contract promised Plaintiff she would receive what she ordered at the price she paid.  **Fourth**, the express warranty claim fails because representations of value do not create warranties under Washington law, and Plaintiff identifies no such representation in the first place.  **Fifth**, the quasi-contract/unjust enrichment claim is barred by the undisputed, valid purchase contracts covering them; it also fails due to the same lack of particularized facts supporting any "price premium" theory.  **Sixth**, the negligent misrepresentation claim is barred by the independent duty doctrine because it arises from the same facts and alleged duties as the contract claim.

Finally, if any claim survives dismissal, the Court should dismiss or strike Plaintiff's improper requests for injunctive relief and punitive damages.  Plaintiff lacks standing to pursue injunctive relief because she alleges no actual and imminent risk of future harm based on a speculative wish to purchase unspecified products in the future.  And punitive damages are not authorized for any of Plaintiff's claims, so her request for such damages is improper.

## II.    BACKGROUND

Lands' End is a Wisconsin-based company that makes stylish and affordable clothing, shoes, and accessories.  *See* Notice of Removal, Ex. A ("Compl.") ¶¶ 2, 10, 14, ECF No. 1-2.  It distributes, markets, and sells products across the United States and internationally through physical stores, by phone, and online.  *Id.* ¶¶ 14, 21-22, 35.  One of its websites, landsend.com, offers thousands of products in assorted styles, sizes, and colors—which are sometimes offered at discounted prices in conjunction with different seasonal promotions also advertised on the website or by email.  *Id.* ¶¶ 4, 6, 15-16, 50, 52.

Plaintiff alleges she bought two items from the website on May 4, 2025, and that Lands' End defrauded her with representations of a "discount of 30% off the regular items" that she

DEF. LANDS' END, INC.'S MOT. TO DISMISS AND
STRIKE COMPLAINT - 2
No. 3:25-cv-05841-BHS

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

personally "read and relied on" when making her purchase. *Id.* ¶¶ 35-37. Despite the centrality of those particular representations, the Complaint alleges no facts to establish any specific representations Lands' End made about the prices and discounts for the products she bought, let alone how they were false. Her pleading boils down to her vague description of a single sale, with no representations about the regular or discounted prices—before, during, or after the promotion—for either item she purchased. *Id.*

Instead, the Complaint identifies numerous *other* products and sales promotions, with screenshots purportedly captured from the website on various dates between January 2022 and July 2025, depicting promotions that Plaintiff never saw and products she never purchased. *Id.* ¶¶ 4, 15-17, 21-22, 54-55. Some show various "up to X%" sales on 13 dates within those 42 months. *Id.* ¶¶ 4, 15-17, 21-22, 54-55. Others show some products advertised at a discount on isolated, seemingly random dates, and one product on sale more than once. *Id.* ¶¶ 16-17. The Complaint also includes two marketing emails Plaintiff received *after* making her purchase, showing two separate promotions. *Id.* ¶¶ 6, 50, 52.

On those factual predicates, Plaintiff asserts eight causes of action: statutory claims under Washington's Consumer Protection Act ("CPA") and Commercial Electronic Mail Act ("CEMA"), and common-law claims for breach of contract, breach of express warranty, quasi-contract/unjust enrichment, intentional misrepresentation, and negligent misrepresentation. *Id.* ¶¶ 79-158. She purports to represent statewide classes of anyone who purchased any discounted products on the website or received any email from Lands' End with a subject line that advertised a sale or discount. *Id.* ¶ 67. Plaintiff seeks damages, treble damages, punitive damages, restitution, rescission, disgorgement, pre- and post-judgment interest, an injunction, and attorneys' fees and costs. *Id.* ¶ 160.

## III. LEGAL STANDARDS

On a Rule 12(b)(6) motion, the Court should set aside "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008), and "allegations contradicting documents that are

referenced in the complaint." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). And the Court should dismiss any claim that "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support" one. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

Rule 9(b) imposes higher pleading standards, demanding that the plaintiff "state with particularity the circumstances constituting fraud," including "the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quotation omitted). Where a complaint "is comprised of allegations of a unified fraudulent course of conduct," "[e]ach of [the] claims . . . and the complaint as a whole must satisfy the heightened pleading requirements of Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

To survive dismissal under Rule 12(b)(1), "at least one named plaintiff must have standing," *In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098, 1107 (N.D. Cal. 2007), "for each claim he seeks to press" and "separately for each form of relief sought," *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). Rule 12(f) empowers the Court to strike "any redundant, immaterial, impertinent, or scandalous matter" in the Complaint, "to avoid the expenditure of time and money that must arise from litigating spurious issues." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

## IV.    ARGUMENT

## A.    Plaintiff Fails To Allege Fraud With Particularity

Plaintiff's claims are all premised on allegations of a "fake sale" and "fake discount scheme"—specifically, that sales advertised as "time-limited" were actually "constantly available," so the "regular" prices and discounts were not "true" prices and discounts. Compl. ¶¶ 5-7, 28, 32-33; *see also id.* ¶¶ 45, 61, 85, 97, 107, 126, 134, 140, 146-48, 153. Those are "allegations of a unified fraudulent course of conduct," so Rule 9(b) applies to each of her claims and the Complaint "as a whole." *Vess*, 317 F.3d at 1106; *see, e.g.*, *Marks v. United Parks & Resorts, Inc.*, 2025 WL 2767941, at *5 (S.D. Cal. Sept. 26, 2025) (applying Rule 9(b) to similar set of claims premised on same "fake sales" theory). Plaintiff's claims all fail under Rule 9(b),

because she does not allege "the who, what, when, where, and how" of either the overarching scheme or her individual claims "with particularity." *Kearns*, 567 F.3d at 1124 (quotation omitted).

To start with the overall scheme, Plaintiff fails to adequately allege that the sales or discounts were actually "fake." The Complaint asserts that they were "constantly available," but lacks the particularized facts to support those boilerplate assertions. At a minimum, such facts would need to straightforwardly show that a particular product was discounted by a particular amount across a particular period of time that exceeded the advertised duration of a particular sale. Yet the Complaint offers no such facts. Instead, it offers random screenshots captured on scattered dates.

Nor do those screenshots show that any particular discounts were "constantly" or "always" available, as Plaintiff insists. *Id.* ¶¶ 5, 47. Lands' End's products are available through multiple sales channels, *see id.* ¶¶ 15, 21, 22, but no prices or discounts are alleged for any channel except the website. And even on the website, Plaintiff's allegations make clear that Lands' End's promotions frequently *changed* as to both the percentage discount and the products to which each discount applied—with different or no discounts on rotating products, depending on style, season, and other factors—not that they were permanent. *See id.* ¶ 18. Thus, for example, the Complaint shows sales on outerwear in Fall and Winter, sales on backpacks during the school year, and sales on swimsuits and t-shirts in June and July. *Id.* ¶¶ 15, 18, 54-55.

Plaintiff's purported "investigation" does not save these allegations. "Rule 9(b) requires the pleading party 'to do more than the usual investigation before filing his complaint.'" *Strategic InStore Sols., Inc. v. idX Corp.*, 2009 WL 10723387, at *2 (W.D. Wash. Nov. 20, 2009). The asserted "investigation" here covered only the website, on isolated dates, and tracked no particular products. In any event, at most, it found one sale on unspecified items from June 15 to June 21, 2022, and then a sale with a different code beginning two days later, and no allegations to show the same discounts remained available. Compl. ¶¶ 21-22.

1    The Complaint's factual allegations therefore do not substantiate Plaintiff's broad

2    assertions of permanent discounts—comprising the "unified fraudulent course of conduct" that

3    underlies all her claims—with the particularity that Rule 9(b) requires.  *Vess*, 317 F.3d at 1108;

4    *Sperling v. DSWC, Inc.*, 699 F. App'x 654, 655 (9th Cir. 2017) (affirming dismissal where plaintiff

5    "failed to allege sufficient facts to show with particularity how or why displaying . . . a 'compare

6    at' price was false or deceptive").

7    Beyond her pleading failure as to the overall alleged scheme, Plaintiff also fails to allege

8    with particularity how she personally was defrauded, as all of her various claims essentially

9    require.  Plaintiff alleges she bought two items during a "30% off . . . regular items" sale on Lands'

10    End's website.  Compl. ¶ 35.  She claims she "read and relied on" Lands' End's "representations

11    regarding the discounts."  *Id.*  These allegations fall short because Plaintiff does not adequately

12    identify the specific statements or promises on which she allegedly relied, nor does she allege

13    particularized facts showing that they were false or misleading.  And because she received the

14    exact products she selected for the prices she agreed to pay, she alleges no cognizable injury

15    because of the Lands' End representations.

16    Plaintiff fails to identify the statements or promises on which she allegedly relied because,

17    at most, she vaguely alleges that Lands' End "represented that it was offering and that Ms.

18    Meadows was receiving a purported discount of 30% off the regular items."  *Id.*  Those allegations

19    are not sufficient.  The "alleged 'assurances' upon which Plaintiff . . . allegedly relied"—*i.e.*, the

20    actual 30% discount that presumably appeared in a sale promotion, and the advertised regular and

21    discounted prices for the products she purchased—"appear nowhere in the Complaint."  *Gray v.*

22    *Twitter Inc.*, 2021 WL 11086642, at *11 (W.D. Wash. Mar. 17, 2021).

23    That deficiency is fatal.  Rule 9(b) requires that a plaintiff state the allegedly false

24    "advertisements or other sales material" with particularity, *Kearns*, 567 F.3d at 1126, including

25    "the contents of those statements," *ICT Law PLLC v. SeaTree PLLC*, 2018 WL 4951942, at *4

26    (W.D. Wash. Oct. 12, 2018); *see also Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1090

27    (N.D. Cal. 2017) (Rule 9(b) must be satisfied "for each product" allegedly the subject of "false or

28

DEF. LANDS' END, INC.'S MOT. TO DISMISS AND
STRIKE COMPLAINT - 6
No. 3:25-cv-05841-BHS

DLA PIPER LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

misleading statements"). And "[g]eneral references" to Lands' End's "representations on its website" do not satisfy Rule 9(b)'s requirement that a plaintiff plead the "specific alleged misrepresentations they were exposed to and/or relied upon when they purchased." *Benanav v. Healthy Paws Pet Ins., LLC*, 2021 WL 4319447, at *11 (W.D. Wash. Sept. 23, 2021); *see Moody v. Hot Topic, Inc.*, 2023 WL 9511159, at *7 (C.D. Cal. Nov. 15, 2023).

Plaintiff does not make up for that deficiency by alleging the representations were "confirmed by her receipt." Compl. ¶ 35. As a logical matter, Plaintiff cannot have relied on her post-purchase receipt in making her earlier purchase. That receipt was sent to "Plaintiff *after* [she] made [her] purchase, and thus Plaintiff could not have relied on that information in *making* [her] purchase." *Azimpour v. Sears, Roebuck & Co.*, 2016 WL 7626188, at *7 (S.D. Cal. Oct. 17, 2016). Nor does the Complaint offer particularized allegations about the receipt.

The remaining allegations in the Complaint about offers Plaintiff never saw or products she never purchased do not change that conclusion. This includes all the screenshots in the Complaint—depicting website promotions unrelated to her purchase and two emails she received weeks after she made her purchase. *See* Compl. ¶¶ 15-17, 21-22, 35, 50, 52. At best, with those screenshots, "Plaintiff provides only 'representative' examples" of rotating seasonal sales, and "does not identify which *actual* advertisements she 'read and relied on.'" *In re Amazon Serv. Fee Litig.*, 705 F. Supp. 3d 1255, 1266 (W.D. Wash. 2023). Plaintiff thus does not adequately identify the statements or promises on which she supposedly relied.

Plaintiff also has alleged no facts to show how and why any assurances of a discount were false. *See Krakauer v. Recreational Equip., Inc.*, 2024 WL 1494489, at *9 (W.D. Wash. Mar. 29, 2024) (Settle, J.) ("plaintiff must set forth what is false or misleading about a statement, and why it is false"). She cannot adequately allege the falsity of any representation that the 30% sale was "available for a limited time," Compl. ¶ 20, because she offers no allegations about when the 30% sale was supposed to begin or end, nor that the items she purchased remained discounted. By "leaving the timing of the challenged sale unclear," Plaintiff "fail[s] to specify the details of the particular sale that she encountered, as Rule 9(b) requires." *Marks*, 2025 WL 2767941, at *5; *see*

DEF. LANDS' END, INC.'S MOT. TO DISMISS AND
STRIKE COMPLAINT - 7
No. 3:25-cv-05841-BHS

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

1   *Hernandez v. Johnson & Johnson*, 2021 WL 320612, at *5 (E.D. Wash. Jan. 8, 2021). Her

2   allegations that the products she purchased "were not really discounted," Compl. ¶¶ 35-37, are

3   likewise deficient, because she identifies no earlier or later prices, true regular prices, or market

4   values for either item. *See Mahfood v. QVC, Inc.*, 2007 WL 9363986, at *4 (C.D. Cal. Feb. 7,

5   2007) (dismissing similar claim for failure to allege specific "actual retail market prices of the

6   items," as required to "state why and how" the advertised values "are false"); *Nunez v. Best Buy*

7   *Co.*, 315 F.R.D. 245, 249 (D. Minn. 2016) (similar).

8           Lastly, Plaintiff fails to allege she suffered any harm from Lands' End's representations.

9   Plaintiff does not and cannot dispute that she received the items she ordered and was charged the

10  advertised prices. Plaintiff does not allege that either product she purchased was "worth less than

11  the selling price, that it was manufactured with shoddy materials or inferior workmanship, that it

12  is of an inferior design, or that it is otherwise defective." *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1,

13  12 (1st Cir. 2017). She therefore fails to "show that [s]he did not receive a benefit for which [s]he

14  actually bargained." *Krakauer,* 2024 WL 1494489, at *8 (quoting *McGee v. S-L Snacks Nat'l*, 982

15  F.3d 700, 706 (9th Cir. 2020)). Courts routinely dismiss similar discount-pricing claims for that

16  straightforward reason: Plaintiff "got exactly what she paid for, no more and no less." *Shaulis*,

17  865 F.3d at 12; *see, e.g.*, *Hennessey v. Gap, Inc.*, 86 F.4th 823, 830 (8th Cir. 2023) (plaintiff

18  alleging "disappointment over not receiving an advertised discount at the time of purchase has not

19  suffered an ascertainable loss"); *Gerboc v. ContextLogic, Inc.*, 867 F.3d 675, 679-81 (6th Cir.

20  2017) (no loss from "crossed-out prices" because "shoppers get what they pay for"); *Kim v.*

21  *Carter's Inc.*, 598 F.3d 362, 366 (7th Cir. 2010) ("plaintiffs . . . got the benefit of their bargain and

22  suffered no actual pecuniary harm").

23          Because the Complaint lacks particularized factual allegations to show the overarching

24  scheme, to identify the statements on which Plaintiff relied, to show that those statements were

25  false, or to plead that Plaintiff suffered any real injury, her claims should be dismissed under

26  Rule 9(b).

27

28

DEF. LANDS' END, INC.'S MOT. TO DISMISS AND
STRIKE COMPLAINT - 8
No. 3:25-cv-05841-BHS

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

1    **B.    Plaintiff Fails To Adequately Allege CEMA And CPA Claims Based On Email**

2    **Subject Lines**

3        Plaintiff brings a claim under a CEMA provision that prohibits "false or misleading

4    information in the subject line" of commercial emails, RCW 19.190.020(1)(b), along with a

5    derivative CPA claim. *See* Compl. ¶¶ 100, 108. She bases those claims on the two emails from

6    May 16 and May 20, 2025. *Id.* ¶¶ 50, 52. Those claims fail because Plaintiff suffered no Article

7    III injury, federal law expressly preempts them, and no particularized factual allegations show that

8    the subject lines were false or misleading.

9        At the outset, Plaintiff lacks Article III standing to pursue these claims, because she alleges

10   no concrete Article III injury from her mere receipt of emails. She does not allege that she relied

11   on these emails for any reason—including her purchase made weeks prior. In fact, she never even

12   alleges she read them. Nor does she allege the emails were unsolicited (presumably she signed up

13   for them earlier when making her purchase) or that she is unable to unsubscribe from them. *Cf.*

14   *Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 988 (9th Cir. 2023) (standing based on "unwanted

15   intrusion and nuisance of unsolicited telemarketing"). Instead, her claim is merely that she

16   received these emails, and that the subject lines violated a state statute. But "the existence of a

17   statutory cause of action does not automatically create standing," *Six v. IQ Data Int'l, Inc.*, 129

18   F.4th 630, 633 (9th Cir. 2025), and such an "asserted informational injury that causes no adverse

19   effects cannot satisfy Article III," *TransUnion LLC v. Ramirez*, 594 U.S. 413, 442 (2021).

20       Plaintiff's CEMA claim and derivative CPA claim are also expressly preempted by the

21   federal CAN-SPAM Act, 15 U.S.C. § 7701 *et seq.* As the Ninth Circuit explained in finding claims

22   under the adjacent CEMA provision preempted, CAN-SPAM was intended to "regulate

23   commercial e-mail messaging practices 'on a nationwide basis.'" *Gordon v. Virtumundo, Inc.*,

24   575 F.3d 1040, 1062 (9th Cir. 2009). To achieve that goal, Congress first established "one national

25   standard," *id.* at 1063, which prohibits only those email subject lines that "would be likely to

26   mislead a recipient . . . about a material fact regarding the contents or subject matter of the

27   message," 15 U.S.C. § 7704(a)(2). Congress then included an express preemption clause, 15

28

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

U.S.C. § 7707(b), which "broadly preempt[s] state regulation of commercial e-mail" and prohibits states from "creat[ing] more burdensome regulation," *Gordon*, 575 F.3d at 1061, 1063. That preemption clause contains only a "limited, narrow exception" for "state laws that proscribe 'falsity or deception' in commercial e-mail communications" under "traditional tort theories such as claims arising from fraud or deception." *Id.*

Plaintiff's CEMA and derivative CPA claims directly contradict that national standard. *Brown v. Old Navy, LLC*, 567 P.3d 38, 44 (Wash. 2025) (cited at Compl. ¶ 44) ("To violate [RCW 19.190.020(1)(b)], an e-mail subject line does not need to deceive consumers about the subject or purpose of the email—it merely needs to contain false or misleading information."). They are not traditional fraud theories, which require reliance that causes damages. *Stiley v. Block*, 925 P.2d 194, 204 (Wash. 1996). These claims allege neither. Instead, Plaintiff seeks a $500-per-email windfall for merely receiving messages with subject lines that she never relied on and that caused her no damages. Her claims are therefore preempted.

Even aside from these threshold failures, Plaintiff's claims fail because the Complaint alleges no particular facts showing these subject lines were false or misleading at all, let alone "*materially*" false and misleading, as her claims require. *Gordon*, 575 F.3d at 1062 (federal law preempts CEMA claims alleging "immaterial inaccuracies or omissions"). Plaintiff does not allege the sales referenced in the emails never took place, what products they covered, or when they ended, and neither email says anything about "true" prices. And her own allegations show rotating, seasonal or holiday promotions where "exclusions apply," Compl. ¶ 55, not ongoing, sitewide discounts. Her CEMA claim and derivative CPA claim should therefore be dismissed.

The first email's subject line states only, "Tote Girls shop smart: 30%, 40%, or 50% off ends soon." Compl. ¶ 50. It does not, as Plaintiff suggests, say anything about "regular and former prices." *Id.* Plaintiff's claim that this subject line would have misled recipients because "such substantial discounts are in fact persistently available" is entirely unsupported. *Id.* ¶ 51. The Complaint alleges no facts to show the sale "persist[ed]" or did not, as the subject line said, "end[] soon." *Id.* ¶¶ 50, 51. Plaintiff's allegations are unlike *Old Navy, LLC*, 567 P.3d 38, which the

1    Complaint repeatedly cites. The Complaint does not even identify the relevant products to which

2    this "30%, 40%, or 50% off" sale applied—even though it would have been simple enough for

3    Plaintiff's counsel to identify and track them during its purported investigation.

4          The second email's subject line states "50% off your order: Memorial Day Weekend Event

5    starts now," Compl. ¶ 52, and Plaintiff similarly asserts recipients "would believe they are getting

6    a 50% discount off the regular and former price of Products," *id.* ¶ 53. But again, the subject line

7    says nothing about any "regular and former price" for any "Products" the sale covered, and the

8    Complaint does not identify any either. Plaintiff also alleges recipients "would believe that the

9    discount is limited to Memorial Day Weekend." *Id.* That allegation is implausible to begin with:

10    a "Memorial Day Weekend Event" that "starts now" on "Tuesday," *id.* ¶ 52, is obviously not

11    limited to a weekend. And besides, the Complaint again offers no particularized allegations that

12    the sale persisted—as to even a single item—through the (unspecified) date on which the Memorial

13    Day sale was meant to end. Nor does anything about the second email make the first one false.

14    Rather, the first email announced that a sale "ends soon" and the second email announced—four

15    days later—that a different sale "starts now," contradicting Plaintiff's conclusory assertions that

16    any sales were "persistently available." *Id.* ¶¶ 50-52.

17          Plaintiff points to different sales that began weeks and months later, and the fact that an

18    "EASTER" code was apparently displayed in June and July 2025. *Id.* ¶¶ 54-55. But those different

19    sales—without any allegations of which particular products, when, and how much they were

20    discounted—do not show the email subject lines were false. And, once again, these screenshots

21    still say nothing about any particular products, let alone show any discount remained persistently

22    available for any product. In fact, the July screenshot specifically states that "exclusions apply."

23    *Id.* ¶ 55. Yet Plaintiff nowhere accounts for such exclusions; her Complaint just pretends, contrary

24    to common sense and its own allegations, that all products were always discounted the same

25    amount. Plaintiff merely "wants the Court to assume" the email subject lines were false. *Microsoft*

26    *Corp. v. My Choice Software, LLC*, 2018 WL 9662626, at *5 (W.D. Wash. Sept. 28, 2018)

27

28

DEF. LANDS' END, INC.'S MOT. TO DISMISS AND
STRIKE COMPLAINT - 11
No. 3:25-cv-05841-BHS

DLA PIPER LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

(refusing to "fill in the factual gaps in [plaintiff's] pleading").  Rule 9(b) does not permit that assumption, so her claims should be dismissed.

**C.**    **Plaintiff Fails To Adequately Allege An Independent CPA Claim**

Plaintiff's independent CPA claim (based not on CEMA, but on Lands' End's advertising generally), Compl. ¶¶ 79-93, also fails because she alleges no "business or property" injury caused by Lands' End's practices.  *Rydman v. Champion Petfoods USA, Inc.*, 2023 WL 3506133, at *5 (W.D. Wash. May 17, 2023).

Plaintiff received the products she ordered at the prices she agreed to pay.  She "does not explain how" any product she purchased "was defective," that she "paid more than the actual value of the merchandise [s]he received," or that she "did, in fact shop around and find the same merchandise for a lower price." *Kinney v. Amazon.com, Inc.*, 2024 WL 867072, at *3 (N.D. Ill. Feb. 29, 2024) (dismissing Washington CPA claim).  She therefore fails to allege an "actual pecuniary loss," as required to state a CPA claim.  *Id.*; *see Montes v. Spare Grp. LLC*, 2023 WL 4140836, at *3 (E.D. Wash. June 22, 2023) (no CPA injury where "Plaintiff does not allege that she did not receive the value that she paid for").

The Complaint's general allegations about unspecified "market values," "price premiums," or "expectancy interest[s]" based on irrelevant discounts and products Plaintiff never purchased, Compl. ¶¶ 86, 92, do not make up for her own lack of injury.  *See Taylor v. Amazon.com, Inc.*, 2024 WL 3326430, at *4 (W.D. Wash. July 8, 2024) (CPA requires "a showing of a specific transaction" in which plaintiffs "themselves were overcharged for [a] particular purchase"); *see Cousineau v. Microsoft Corp.*, 992 F. Supp. 2d 1116, 1128 (W.D. Wash. 2012) (dismissing CPA claim where plaintiff "provide[d] no support for the assertion that the [defendant's practices] diminished the [product]'s market value"); *Brotherson v. Prof. Basketball Club, LLC*, 604 F. Supp. 2d 1276, 1296 (W.D. Wash. 2009) ("the CPA does not recognize" "mental injury" of disappointed expectations).  At bottom, Plaintiff "received what [she] bargained for in exchange for the purchase price," *Krakauer*, 2024 WL 1494489, at *9, so her CPA claim cannot proceed.

DEF. LANDS' END, INC.'S MOT. TO DISMISS AND
STRIKE COMPLAINT - 12
No. 3:25-cv-05841-BHS

DLA PIPER LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

1    **D.     <u>Plaintiff Fails To Adequately Allege A Breach Of Contract</u>**

2         Plaintiff identifies no promise about market value, let alone specific facts related to the

3    same.  She instead alleges the completely innocuous facts that she was promised that market values

4    equaled advertised regular prices, and that Lands' End failed to provide promised discounts.  *See*

5    Compl. ¶¶ 124-126.  The contract claim thus fails because Plaintiff has not alleged "a material

6    breach" of the parties' contract or "resulting damage."  *Shields v. Fred Meyer Stores Inc.*, 741 F.

7    Supp. 3d 915, 925 (W.D. Wash. 2024); *see Moody*, 2023 WL 9511159, at *9.

8         As described above, Plaintiff undisputedly received the items she ordered in exchange for

9    the price she agreed to pay.  She therefore fails to allege any breach or damages "under the

10   straightforward, everyday sales contract" between the parties.  *Kim*, 598 F.3d at 364; *see, e.g.*,

11   *Shaulis*, 865 F.3d at 16 ("By charging the agreed price in exchange for ownership of the sweater,

12   Nordstrom fulfilled its contractual obligations."); *Brazil v. Dell Inc.*, 2010 WL 5258060, at *2

13   (N.D. Cal. Dec. 21, 2010) (plaintiffs "[e]ach paid the specified price, and each received the

14   computer he wanted," and therefore failed to allege breach or damages).

15        No additional promises are adequately alleged.  Nothing in any of Lands' End's

16   representations says anything about market value, let alone promises that market values are equal

17   to  advertised  regular  prices,  or  "that  the  parties  actually  intended  to  apply  the

18   advertised . . . discount to some lower, undisclosed, regular price."  *Kim*, 598 F.3d at 364.  And

19   courts applying Washington law refuse to "infer or incorporate additional terms into a contract that

20   it has never seen."  *Lemelson v. Wells Fargo Bank, N.A.*, 641 F. Supp. 3d 1005, 1012 (W.D. Wash.

21   2022).  Plaintiff's failure to identify an allegedly breached provision "dooms [her] breach of

22   contract claim."  *Haywood v. Amazon.com, Inc.*, 2023 WL 4585362, at *4 (W.D. Wash. July 18,

23   2023); *see also Ogorsolka v. Residential Credit Sols., Inc.*, 2014 WL 2860742, at *7 (W.D. Wash.

24   June 23, 2014) (complaint "failed to identify any relevant portion of a contract that Defendants

25   breached").

26        Regardless, as explained above, Plaintiff fails to adequately allege any market values that

27   *were not* equal to advertised regular prices.  *See Hennessey*, 86 F.4th at 830 (affirming dismissal

28

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

of analogous claims where complaint "provide[d] no insight into what the actual value of these products was at the time of the transactions" or "which products were worth less than the sale price"); *Babaian v. Dunkin' Brands Grp., Inc.*, 2018 WL 11445614, at *8 (C.D. Cal. Feb. 16, 2018) (similar).

**E.    Plaintiff Fails To Adequately Allege A Breach Of Express Warranty**

Plaintiff purports to allege an express warranty "that the Products had a market value equal to the regular price displayed" and "that Plaintiff was receiving a discount off this value."  Compl. ¶ 132.  That claim fails first because, under Washington's Uniform Commercial Code, a representation "of the value of the goods . . . does not create a warranty."  RCW 62A.2-313(2). And as explained above, Lands' End never made any representations about market value—and Plaintiff identifies no such prices for the items she purchased—let alone a "specific" statement constituting "an affirmation of fact or a promise" to that effect.  *Fed. Signal Corp. v. Safety Factors, Inc.*, 886 P.2d 172, 178-79 (Wash. 1994).

**F.    Plaintiff Fails To State A Claim For Quasi-Contract/Unjust Enrichment**

Plaintiff's quasi-contract/unjust enrichment claim fails because the parties have an express contract, and she does not adequately allege any unjust benefit.

First, "[u]nder Washington law, a plaintiff who is a party to a valid express contract . . . may not bring a claim for unjust enrichment for issues arising under the contract's subject matter." *Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1186 (W.D. Wash. 2010) (quotation omitted).  The parties here entered an express contract covering the purchase of items by Plaintiff from Lands' End. Compl. ¶ 122.  That is reason enough to dismiss Plaintiff's quasi-contract/unjust enrichment claim.  *See, e.g.*, *In re Amazon Prime Video Litig.*, 2024 WL 1138906, at *5 (W.D. Wash. Mar. 15, 2024) (dismissing similar claims that plaintiff "did not receive the full benefit of what they paid for" because "a contractual relationship exists").

Second, "[t]o state a claim for unjust enrichment, Plaintiff must show that . . . the circumstances make it unjust for Defendant to retain the benefit without payment."  *Nienaber v. Overlake Hosp. Med. Ctr.*, 733 F. Supp. 3d 1072, 1093 (W.D. Wash. 2024).  Lands' End did not

1   receive any uncompensated benefit from Plaintiff, let alone unjustly: Plaintiff received the

2   products she purchased for the advertised price in a transparent, straightforward commercial

3   exchange.  *See Hold Sec. LLC v. Microsoft Corp.*, 705 F. Supp. 3d 1231, 1244 (W.D. Wash. 2023)

4   (dismissing unjust enrichment claim where defendant "conferred a benefit to" plaintiff, who "was

5   properly compensated" under contract); *In re Amazon Prime*, 2024 WL 1138906, at *5 (no unjust

6   enrichment where plaintiffs "do not allege that they were tricked into purchasing").  Plaintiff's

7   assertion of a "price premium," Compl. ¶ 140, does not rescue her claim, because she "has not

8   pled facts sufficient to make this theory plausible," *Cousineau*, 992 F. Supp. 2d at 1129-30

9   (dismissing unjust enrichment claim for lack of "facts supporting the claim that the value of"

10  plaintiff's purchase was "actually diminished," such as "price point[s] or any other market data");

11  *see Babaian*, 2018 WL 11445614, at *8 (plaintiff "cannot . . . proceed on a barebones assertion of

12  a price premium"); *Binder v. Premium Brands Opco LLC*, 2024 WL 2978506, at *8 (S.D.N.Y.

13  June 11, 2024) (reviewing caselaw, analyzing and rejecting similar theory).

14  **G.**   **Plaintiff Fails To State A Claim For Negligent Misrepresentation**

15          Plaintiff's negligent misrepresentation claims should be dismissed because, "[u]nder the

16  independent duty doctrine, a party cannot recover for a negligence claim that sounds in a breach

17  of contract."  *Harris v. U.S. BankCorp*, 2019 WL 5536402, at *6 (W.D. Wash. Oct. 25, 2019).

18  "The independent duty doctrine dictates a party is limited to contract remedies even if an

19  underlying tort is present," unless the party adequately alleges "the breach of a tort duty arising

20  independently of the terms of the contract."  *Puget Soundkeeper All. v. APM Terminals Tacoma*

21  *LLC*, 545 F. Supp. 3d 893, 897 (W.D. Wash. 2021) (Settle, J.).  Plaintiff does not allege such an

22  independent duty.  Instead, Plaintiff's negligent misrepresentation claim arises from the same

23  alleged facts—the same products, prices, discounts, and transaction—as her contract claim.

24  *Compare* Compl. ¶ 158 (misrepresentation), *with id.* ¶ 124 (contract).  And the claim also fails on

25  its own terms.  As explained above, the Complaint does not allege facts showing any false

26  statement, that Plaintiff relied on any such statement, or that such a false statement proximately

27

28

caused any damages to her. *Stanford Tukwila Hotel Corp. v. GBC Int'l Bank*, 2022 WL 279321, at *5 (W.D. Wash. Jan. 31, 2022).

### H.    Plaintiff Fails To State A Claim For Punitive Damages

Plaintiff purports to seek punitive damages, yet none of her claims authorize such damages. *See Jongeward v. BNSF Ry. Co.*, 278 P.3d 157, 160 n.5 (Wash. 2012) ("Washington expressly prohibits punitive damages as a violation of public policy unless explicitly authorized by statute."). Plaintiff's request for punitive damages should therefore be stricken. *Cf. Baxter v. Salton, Inc.*, 2011 WL 888017, at *4 (W.D. Wash. Mar. 14, 2011) (recognizing punitive damages were not available).

### I.    Plaintiff Lacks Standing For Injunctive Relief

Plaintiff lacks Article III standing to pursue the injunctive relief she seeks. *See* Compl. ¶¶ 83, 102-03, 117, 119. For such relief, Plaintiff must show a "threat of repeated injury" that is "actual and imminent, not conjectural or hypothetical," and "a sufficient likelihood that he will again be wronged in a similar way." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018).

Plaintiff tries but fails to track the allegations in *Davidson*. The Ninth Circuit there, while recognizing the allegations presented "a close question," held that a plaintiff's allegations that "she regularly visits stores where Defendants' 'flushable' wipes are sold" and had "no way of determining whether the representation 'flushable' is in fact true" could "constitute[] a threatened injury that is certainly impending." *Davidson*, 889 F.3d at 971-72. Attempting to take her cue from *Davidson*, Plaintiff mechanically alleges that she too "would purchase Products from Defendant again in the future" and "is unable to rely" on Lands' End's "regular prices in the future." Compl. ¶ 37. But the details mattered in *Davidson*, and Plaintiff's conclusory, copycat allegations leave her well on the other side of *Davidson*'s "close question." 889 F.3d at 971.

*First*, unlike *Davidson*, Plaintiff does not allege she "regularly visits" Lands' End's website. Her "'some day' intentions for the future are not sufficient." *Julian v. TTE Tech., Inc.*, 2021 WL 810228, at *8 (N.D. Cal. Mar. 3, 2021); *see Glenn v. Americo*, 2024 WL 5077354, at *4

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

(W.D. Wash. Dec. 11, 2024) ("Plaintiff's vague allegation of possible future injury is insufficient to establish standing" under *Davidson*).

*Second*, unlike *Davidson*, Plaintiff does not allege she "continues to desire" to repurchase any "specific product" she previously purchased, which would be implausible anyway. *Loomis v. Slendertone Distrib., Inc.*, 420 F. Supp. 3d 1046, 1077 (S.D. Cal. 2019); *see In re Evenflo Co., Inc. Mktg., Sales Pracs. & Prods. Liab. Litig.*, 707 F. Supp. 3d 103, 140 (D. Mass. 2023) ("hypothetical allegations of their plans to repurchase [are] implausible compared to those in *Davidson*," where the products "are not a disposable product like flushable wipes").

And *third*, unlike *Davidson*, Plaintiff is not "forced to rely on the accuracy" of any "label." *Matic v. U.S. Nutrition, Inc.*, 2019 WL 3084335, at *7 (C.D. Cal. Mar. 27, 2019); *see Cordes v. Boulder Brands USA, Inc.*, 2018 WL 6714323, at *4 (C.D. Cal. Oct. 17, 2018) (distinguishing *Davidson* where "Plaintiff has not explained why he must rely on" the defendant's representations "in making future purchases"). As one court put it in finding a plaintiff lacked standing to seek injunctive relief against Domino's Pizza, "[t]o test the accuracy of Domino's offering in the future, Plaintiff would not have to purchase the food again and await the results of the receipt. Instead, Plaintiff could simply look across the counter and ask a Domino's employee how much each item costs before completing his order." *Traer v. Domino's Pizza LLC*, 2022 WL 3575318, at *8 (C.D. Cal. July 12, 2022). So too here. Plaintiff can simply look at the prices at which Lands' End is actually offering its products, and decide whether to complete her order.

Finally, *Davidson* emphasized that courts addressing standing for injunctive relief in false advertising cases "must examine the questions realistically." 889 F.3d at 967. Here, the notion that Plaintiff faces repeat injury from Lands' End's discounts is speculative, and neither actual nor imminent. *See Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) ("speculation" and "'subjective apprehension' about future harm" do not support standing). This Court's authority should not be invoked to save Plaintiff from her own speculative future choice to again purchase allegedly overpriced clothing from the same retailer she is now suing.

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

1   **V.     CONCLUSION**

2           For these reasons, Plaintiff's Complaint should be dismissed or, in the alternative, the

3   Complaint's request for punitive damages should be stricken.

4

5   Dated:  December 5, 2025                    Respectfully submitted,

6

7                                              **DLA PIPER LLP (US)**

    By: */s/ David Freeburg*
8                                              David Freeburg, WSBA No. 48935
                                                 *david.freeburg@us.dlapiper.com*
9                                              701 Fifth Avenue, Suite 6900
                                               Seattle, WA 98104-7029
10                                             Phone: +1.206.839.4800

11                                             AND BY

12                                             **LATHAM & WATKINS LLP**
                                               Benjamin Naftalis (*Pro Hac Vice*)
13                                                *benjamin.naftalis@lw.com*
                                               1271 Avenue of the Americas
14                                             New York, NY 10020
                                               Phone: +1.212.906.1200
15

16                                             Alexander C. K. Wyman (*Pro Hac Vice*)
                                                 *alex.wyman@lw.com*
17                                             355 South Grand Avenue, Suite 400
                                               Los Angeles, CA 90071-1560
18                                             Phone: +1.213.485.1234

19                                             Gary Feinerman (*Pro Hac Vice*)
                                                 *gary.feinerman@lw.com*
20                                             330 North Wabash Avenue, Suite 2800
                                               Chicago, IL 60611
21                                             Phone: +1.312.876.7700

22                                             Susan E. Engel (*Pro Hac Vice*)
                                                 *susan.engel@lw.com*
23                                             555 Eleventh Street NW, Suite 1000
                                               Washington, D.C. 20004-1304
24                                             Phone: +1.202.637.2200

25                                             *Attorneys for Defendant Lands' End, Inc.*

26   *I certify that this memorandum contains 6,350 words, in compliance with the Local Civil Rules*

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2        I hereby certify that on December 5, 2025, I electronically filed the foregoing with the

3   Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4   attorneys of record for the parties.

5

6        Dated this 5th day of December, 2025.

7                                            */s/ Cris Bento*_____
                                            Cris Bento, Legal Practice Specialist
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEF. LANDS' END, INC.'S MOT. TO DISMISS AND
STRIKE COMPLAINT - 19
No. 3:25-cv-05841-BHS

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800