The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MADISON MEADOWS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LANDS' END, INC.,<br><br>Defendant. | CASE NO. 3:25-cv-05841-BHS<br><br>**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER** |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.    General Principles**

1.    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions. The parties will conduct discovery cooperatively and consistent with Fed. R. Civ. P. 1, 26(b)(1), 26(g), and the Local Rules, with a focus on

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 1
(CASE NO. 3:25-CV-05841-BHS)

DLA PIPER LLP (US)
701 FIFTH AVENUE, SUITE 6900
SEATTLE, WA  98104-7029 |
TEL: 206.839.4800

1  proportionality and efficiency. Cooperation includes, at a minimum, targeted collections and
2  iterative meet-and-confers to refine scope, but does not waive any party's objections or privileges.

3      2.    As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P.
4  26(b)(1) must be applied in each case when formulating a discovery plan. To further the
5  application of the proportionality standard in discovery, requests for production of ESI and related
6  responses should be reasonably targeted, clear, and as specific as possible. This agreement is
7  intended to assist the parties in identifying and producing relevant, responsive information that
8  has been stored electronically and is proportional to the needs of the case. The agreement does
9  not supplant the parties' obligations to comply with Fed. R. Civ. P. 34 and the Protective Order.

**B.      ESI Disclosures**

Within 30 days of entry of this Protocol and the Protective Order, or at a later time if agreed to by the parties, each party shall disclose the following to the extent reasonably known after a reasonable inquiry and without waiving any objections or privileges. These disclosures are for discovery planning; they do not constitute admissions of relevance, proportionality, discoverability, or possession, custody, or control.

    1.    <u>Custodians.</u> The custodians most likely to have discoverable ESI within the scope of discovery. The custodians shall be identified by name, title, functional role/connection to the litigation, and the general type of information under the custodian's control. The initial custodian set will be limited to an agreed cap and may be refined by agreement or upon a showing of specific need and proportionality. Absent a specific showing that unique, relevant ESI is not reasonably available from enterprise sources, collection from personal devices/accounts is not required; if needed, the parties will confer regarding targeted, proportional collection consistent with any bring-your-own-device policies and privacy considerations.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 2
(CASE NO. 3:25-CV-05841-BHS)

DLA PIPER LLP (US)
701 FIFTH AVENUE, SUITE 6900
SEATTLE, WA  98104-7029 |
TEL: 206.839.4800

2.  Non-custodial Data Sources. A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI within the scope of discovery.

3.  Third-Party Data Sources. A list of principal third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, key vendors, principal resellers, hosted SaaS platforms) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.  Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B) (*e.g.*, backup media, legacy/decommissioned systems requiring restoration, obsolete formats).

5.  Structured Data Planning. For any structured datasets expected to be relevant (*e.g.*, order/transaction, promotion logs, returns), the producing party will identify the system(s) and potentially responsive fields, date filters, and a short data dictionary. The parties will meet and confer on field lists and filters sufficient to fully respond to the request. Aggregated or anonymized outputs will be preferred where individual-level PII is not necessary for the stated purpose. The parties will work together to produce data in a form reasonably usable for the receiving party (*e.g.*, CVS/Excel).

**C.    ESI Discovery Procedures**

1.  On-site inspection of electronic media. Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.  Search methodology. The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, including file type and date restrictions, data sources

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 3
(CASE NO. 3:25-CV-05841-BHS)

DLA PIPER LLP (US)
701 FIFTH AVENUE, SUITE 6900
SEATTLE, WA  98104-7029 |
TEL: 206.839.4800

(including custodians), and other appropriate computer- or technology-aided methodologies. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

        a.     Prior to running searches:

               i.     The producing party shall disclose the data sources (including custodians), date ranges, search terms (if terms are used) and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The producing party may provide unique hit counts for each search query.

               ii.     After disclosure, the parties will engage in a meet and confer process regarding additional terms sought by the non-producing party.

               iii.     The following provisions apply to search terms / queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results by demonstrating the overbroad results and providing a counter proposal correcting the overbroad search or query.

        b.     A producing party may use analytics or technology-assisted review (TAR/CAL) to cull, prioritize, or review ESI, provided that the producing party is transparent with the requesting party regarding what technology is being used and how it is being used. The parties will confer regarding reasonable validation (e.g., sampling). Targeted collections (e.g.,

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 4
(CASE NO. 3:25-CV-05841-BHS)

DLA PIPER LLP (US)
701 FIFTH AVENUE, SUITE 6900
SEATTLE, WA  98104-7029 |
TEL: 206.839.4800

key folders, shared locations, or structured fields) may be used in lieu of keyword terms when targeted collections are sufficient to fully respond to the request.

        c.      Upon reasonable request, a party shall disclose information relating to network design, the types of databases, database dictionaries, the access control list and security access logs and rights of individuals to access the system and specific files and applications, the ESI document retention policy, organizational chart for information systems personnel, or the backup and systems recovery routines, including, but not limited to, tape rotation and destruction/overwrite policy, subject to the Protective Order.

    3.    <u>Format.</u>

        a.      ESI will be produced to the requesting party with searchable text in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF.

        b.      Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format.

        c.      Each document image file shall be named with a unique number (Bates Number). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 5
(CASE NO. 3:25-CV-05841-BHS)

DLA PIPER LLP (US)
701 FIFTH AVENUE, SUITE 6900
SEATTLE, WA  98104-7029 |
TEL: 206.839.4800

1    d.    If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

e.    The parties shall produce their information in the following format: single-page images and associated multi-page text files containing extracted text or with appropriate software load files containing all information required by the litigation support system used by the receiving party.

f.    The full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

g.    Productions may be made via secure electronic transfer or encrypted media; passwords/keys provided under separate cover. Rolling productions are permitted.

4.    De-duplication. The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

5.    Email Threading. The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies. Upon reasonable request, the producing party will produce a less inclusive copy.

6.    Metadata fields. If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible,

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 6
(CASE NO. 3:25-CV-05841-BHS)

DLA PIPER LLP (US)
701 FIFTH AVENUE, SUITE 6900
SEATTLE, WA 98104-7029 |
TEL: 206.839.4800

does not require manual creation, and is non-privileged: document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size; file extension; original file path; date and time created, sent, modified and/or received; and hash value. The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

      7.    <u>Hard-Copy Documents.</u> If the parties elect to produce hard-copy documents in an electronic format, the production of hard-copy documents will include a cross-reference file that indicates document breaks and sets forth the custodian or custodian/location associated with each produced document. Hard-copy documents will be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI). Each file will be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

**D.**    **Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

      1.    Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 7
(CASE NO. 3:25-CV-05841-BHS)

DLA PIPER LLP (US)
701 FIFTH AVENUE, SUITE 6900
SEATTLE, WA  98104-7029 |
TEL: 206.839.4800

archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

    2. The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3), (E)(1)-(2), or the Protective Order).

    3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a. Deleted, slack, fragmented, or other data only accessible by forensics.

    b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

    e. Back-up data that are duplicative of data that are more accessible elsewhere.

    f. Server, system, security, or network logs.

    g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

    h. Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E.  Privilege**

    1. A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER - 8
(CASE NO. 3:25-CV-05841-BHS)

DLA PIPER LLP (US)
701 FIFTH AVENUE, SUITE 6900
SEATTLE, WA  98104-7029 |
TEL: 206.839.4800

Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days after delivering a production.

2. Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

3. With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5. Pursuant to Fed. R. Evid. 502(d) and the Protective Order, the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. Upon notice of a claim of privilege or protection, the receiving party shall sequester or return the material and all copies, refrain from use or disclosure pending resolution except as necessary for any challenge to the clawback request, and take reasonable steps to retrieve material disclosed before notice. Clawed-back material must be

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 9
(CASE NO. 3:25-CV-05841-BHS)

DLA PIPER LLP (US)
701 FIFTH AVENUE, SUITE 6900
SEATTLE, WA  98104-7029 |
TEL: 206.839.4800

1  included on a privilege log within seven (7) days of the clawback request, or on the first privilege

2  log produced, if one has not been produced yet. The parties will meet and confer within seven (7)

3  business days of any clawback notice; if unresolved, any challenge shall be presented under

4  governing Local Rules and sealing procedures. The receiving party is not required to delete

5  clawed-back material from disaster-recovery or backup media created in the ordinary course,

6  provided it is sequestered and not restored or accessed. This Order shall be interpreted to provide

7  the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b)

8  do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to

9  conduct a review of documents, ESI or information (including metadata) for relevance,

10 responsiveness and/or segregation of privileged and/or protected information before production.

11 Information produced in discovery that is protected as privileged or work product shall be

12 immediately returned to the producing party.

## ORDER

Based on the foregoing, IT IS SO ORDERED.

Dated this 15th day of January, 2026.

_____
BENJAMIN H. SETTLE
United States District Judge

PRESENTED BY:

**DLA PIPER LLP (US)**

By: *s/ David Freeburg*
David Freeburg, WSBA No. 48935
  david.freeburg@us.dlapiper.com
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 10
(CASE NO. 3:25-CV-05841-BHS)

DLA PIPER LLP (US)
701 FIFTH AVENUE, SUITE 6900
SEATTLE, WA  98104-7029 |
TEL: 206.839.4800

Phone: +1.206.839.4800

AND BY

**LATHAM & WATKINS LLP**
Benjamin Naftalis (admitted *Pro Hac Vice*)
  benjamin.naftalis@lw.com
1271 Avenue of the Americas
New York, NY 10020
Phone: +1.212.906.1200
Fax: +1.212.751.4864

Alexander C. K. Wyman (admitted *Pro Hac Vice*)
  alex.wyman@lw.com
355 South Grand Avenue, Suite 400
Los Angeles, CA 90071-1560
Phone: +1.213.485.1234
Fax: +1.213.891.8763

Gary Feinerman (admitted *Pro Hac Vice*)
  gary.feinerman@lw.com
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Phone: +1.312.876.7700
Fax: +1.312.993.9767

Susan E. Engel (admitted *Pro Hac Vice*)
  susan.engel@lw.com
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004-1304
Tel.: +1.202.637.2200
Fax: +1.202.637.2201

*Attorneys for Defendant Lands' End, Inc.*

By: *s/ Jonas B. Jacobson*
Jonas B. Jacobson (WSBA No. 62890)
jonas@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

Cody Hoesly (WSBA No. 41190)
choesly@bargsinger.com
BARG SINGER HOESLY PC
121 SW Morrison St., Ste. 600
Portland, OR 97204
Ph. (503) 241-3311

*Counsel for Plaintiff*

| | |
|---|---|
| AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER - 11 (CASE NO. 3:25-CV-05841-BHS) | DLA PIPER LLP (US) 701 FIFTH AVENUE, SUITE 6900 SEATTLE, WA 98104-7029 \| TEL: 206.839.4800 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 12
(CASE NO. 3:25-CV-05841-BHS)

DLA PIPER LLP (US)
701 FIFTH AVENUE, SUITE 6900
SEATTLE, WA  98104-7029 |
TEL: 206.839.4800