UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MADISON MEADOWS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

LANDS' END, INC.,

Defendant.

CASE NO. 3:25-cv-05841-BHS

ORDER

This matter is before the Court on defendant Lands' End's motion to dismiss plaintiff Madison Meadows' amended complaint. Dkt. 30.

Meadows filed this putative class action in Pierce County Superior Court, alleging that the retailer Lands' End falsely advertises products as discounted on its website and in promotional emails when the advertised prices are regularly available. Dkt. 22 at 3. She alleges that she would not have made her purchases had she known the products were not actually offered at a discount. She brings claims under the Washington Consumer

ORDER - 1

Protection Act (CPA) and the Washington Commercial Electronic Mail Act (CEMA)[1],

and for breach of contract, breach of express warranty, quasi-contract/unjust enrichment,

and intentional and negligent misrepresentation. She seeks class certification, statutory

and treble damages, and equitable and injunctive relief.

Lands' End removed the action to this Court and moved to dismiss under Federal

Rule of Procedure 12(b)(6), arguing that Meadows failed to plead her fraud-based claims

with specificity, allege an actual injury, or plausibly state a claim for relief. It also

contends that Meadows' CEMA claim is preempted by federal law. In addition, Lands'

End moved to dismiss under Federal Rule 12(b)(1), arguing that Meadows lacks standing

to pursue her CEMA claim because she failed to allege a concrete personal injury from

the email subject lines. Dkt. 30 at 18.

Because standing implicates the Court's jurisdiction to decide the case, the Court

begins with this threshold issue. To establish Article III standing, a plaintiff must show

that (1) she suffered an injury in fact that is concrete and particularized, and actual or

imminent, (2) that is fairly traceable to the challenged conduct of the defendant, and (3)

that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578

U.S. 330, 338 (2016). For an injury to be "concrete," it "must actually exist"; it must be

"real, and not abstract." *Id*. at 340 (citation modified). For an injury to be particularized,

"it must affect the plaintiff in a personal and individual way" such that the plaintiff

"personally has suffered some actual or threatened injury." *Id*.

---

[1] CEMA prohibits "the use of any false or misleading information in the subject line of a commercial email." *Brown v. Old Navy, LLC*, 4 Wn.3d 580, 583, 567 P.3d 38 (2025).

A statutory violation alone does not constitute a concrete injury. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426, 427 (2021) (A plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right" because "an injury in law is not an injury in fact."). Instead, "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 427 (emphasis in original). The Court explains that a plaintiff must demonstrate that they have suffered a "physical, monetary, or cognizable intangible harm traditionally recognized as providing a basis for a lawsuit in American courts." *Id.*

Meadows argues that the "receipt" of false or misleading emails, is sufficient to establish Article III standing "'even absent additional allegations of harm.'" Dkt. 33 at 16 (quoting *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1009 (W.D. Wash. 2019). However, *Transunion* squarely rejected that proposition, holding that a statutory violation—in this case, a CEMA violation—does not, by itself, confer Article III standing. *See also Montes v. Catalyst Brands LLC, et. al.*, No. 2:25-CV-0281-TOR, 2025 WL 3485827, at *3 (E.D. Wash. Dec. 4, 2025) (explaining that "the simple act of failing to meet the standard requisite duty alone is not a harm" (citing *Dillingham Tug & Barge Corp. v. Collier Carbon & Chem. Corp.*, 707 F.2d 1086, 1092 (9th Cir. 1983))).

Meadows next contends that Lands' End's false and misleading emails caused concrete harm by clogging her inbox, and those of the putative class, with unwanted spam, wasting their limited data space and invading their privacy. Dkt. 33 at 16; *see* Dkt.

22 at 28. She explains that because she cannot discern whether Lands Ends emails contain "truthful information" or whether they are "spam with false and misleading information," she "cannot rely on the emails she receives." Dkt. 22 at 30. However, Meadows cites to only two emails from Lands' End over the course of two weeks. She does not allege that she read the emails, clicked on them, or purchased products based on the alleged misrepresentations.

Nor does she allege that the emails were unsolicited or unwanted. To the contrary, Meadows acknowledged that "she would like to continue to receive and rely on truthful information from Lands' End regarding its Products." Dkt. 22 at 30. On similar facts, the district court in *Montes* concluded that the receipt of such emails does not constitute an invasion of privacy where the plaintiff "welcomed Defendants' marketing emails" and indeed, "wishes to continue to receive [them]." 2025 WL 3485827, at *3. The Court likewise concludes that Meadows has not suffered an invasion of privacy here.

Courts in this district addressing similar actions have reached mixed results on the issue of standing. *Compare Stephen Liss et al., v. Skechers USA Inc.*, No. 3:25-CV-05861-DGE, 2026 WL 1392327, at *3 (W.D. Wash. May 19, 2026) (concluding that "a violation of CEMA confers standing") *with Montes*, 2025 WL 3485827, at *3 (dismissing CEMA complaint due to lack of standing); *Nuri v. True Religion Apparel*, No. 2:25-CV-00690-LK, 2026 WL 864886, at *4 (W.D. Wash. Mar. 30, 2026) (remanding for lack of standing); *cf. Crooks v. Coty DTC Holdings, LLC*, 2026 WL 1265422 (D. Md. May 8, 2026) (remanding for lack of standing for claim under Maryland CEMA which is "virtually identical" to Washington's CEMA).

ORDER - 4

Other courts have ordered supplemental briefing on the issues of standing, whether the amount in controversy satisfies CAFA jurisdictional requirements, and whether a stay is warranted in light of the appeal in *Montes. See Selay Shahpur & Lindsey Smith, et. al., v. Ulta Salon, Cosmetics and Fragrance, Inc.*, No. 2:25-CV-00284-RLP, 2026 WL 1348114, at *2 (E.D. Wash. May 14, 2026) (requesting supplemental briefing on standing and the amount in controversy for CAFA); *Hutton v. Papa John's USA*, No. C25-1922-KKE, 2026 WL 1183241, at *1 (W.D. Wash. Apr. 30, 2026) (same); *Kempf v. Fullbeauty Brands Operations, LLC*, 25-cv-1141-TSZ, ECF No. 48 (W.D. Wash. February 13, 2026) (same); *Talley v. Everlane, Inc.*, No. C26-0007-KKE, 2026 WL 1429329, at *2 (W.D. Wash. May 21, 2026) (ordering the parties to show cause why the case should not be stayed pending the Ninth Circuit's ruling in *Montes*); *Dalana Brown v. La-z-boy Incorporated*, No. 2:25-CV-02203-JHC, 2026 WL 1494951, at *1 (W.D. Wash. May 28, 2026) (same).

Given the lack of consensus among courts addressing this issue, the Ninth Circuit's forthcoming *Montes* decision is likely to provide important guidance. Accordingly, the parties are ORDERED to SHOW CAUSE, why this case should not be stayed pending the Ninth Circuit's decision in *Montes*. They should do so by June 15.

Meadows' motion to dismiss, Dkt. 30, is RE-NOTED for June 15, 2026.

Dated this 2nd day of June, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5