UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MADISON MEADOWS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LANDS' END, INC.,<br><br>Defendant. | CASE NO. 3:25-cv-05841-BHS<br><br>ORDER |

THIS MATTER is before the Court on plaintiff Madison Meadows and defendant Lands' End's response to the Court's order to show cause on the issue of standing, Dkt. 39, and on Lands' End's motion to dismiss, Dkt. 30.

This is a putative class action against retailer Lands' End for violations of the Washington Consumer Protection Act (CPA) and the Washington Commercial Electronic Mail Act (CEMA). On May 4, 2025, Meadows visited Lands' End's website and purchased a dress and swimsuit for 30% off the stated regular price. Dkt. 22 at 18. The retailer advertised that the discount would no longer be available after May 7, 2025. *Id.* On May 16, 2025, Lands' End sent Meadows a promotional email with the subject line,

"Tote Girls shop smart: 30%, 40%, or 50% off ends soon!" *Id.* at 24. Four days later she received an email with the subject line "50% off your order: Memorial Day Weekend Event starts now." *Id.* at 25.

Meadows sued Lands' End in Pierce County Superior Court, alleging that the national retailer falsely promoted its products as discounted on its website and in emails when the advertised prices were regularly available. Dkt. 22 at 3. She asserted claims under the CPA and CEMA, and for breach of contract, breach of express warranty, quasi-contract/unjust enrichment, and intentional and negligent misrepresentation.

Lands' End timely removed the action to this Court, asserting both diversity and Class Action Fairness Act ("CAFA") jurisdiction. Dkt. 1 at 2. It then moved to dismiss under Federal Rule of Procedure 12(b)(6), arguing that Meadows failed to plead her fraud-based claims with specificity, failed to allege an actual injury, and that her CEMA claim was preempted by federal law. Dkt. 30 at 19. It also moved to dismiss under Federal Rule 12(b)(1), arguing that Meadows lacked Article III standing because she did not allege a concrete personal injury from the email subject lines. *Id.* at 18.

Meadows responded that Rule 9(b)'s heightened pleading requirement did not apply to her claims, but that even if it did, she had adequately alleged "the who, what, when, where, and how" of Lands' End misconduct. Dkt. 33 at 10 (quoting *Kempf v. Fullbeauty Brands Operations, LLC*, No. C25-1141 TSZ, 2026 WL 395677, at *4 (W.D. Wash. Feb. 12, 2026)). She further contended that she had standing to bring her CEMA claim, arguing that recipients of false or misleading emails suffer "'lost productivity and resources, annoyance, consumption of valuable digital storage space and financial costs'

in addition to the foundational injuries to privacy and freedom from nuisance." Dkt. 33 at 16 (quoting *Brinton v. Vivint Inc*., No. 3:23-CV-06105-TMC, 2024 WL 3688589, at *3 (W.D. Wash. Aug. 7, 2024)).

Because standing implicates the Court's subject matter jurisdiction, the Court ordered the parties to show cause why this case should not be stayed pending the resolution *of Montes v. Penney Opco, LLC*, Nos. 25-8045, 26-241 (9th Cir.), an appeal of Judge Rice's Order[1] dismissing similar CEMA claims for lack of standing.

Meadows opposes a stay and now asks the Court to remand, arguing that Lands' End has not met its burden to establish subject matter jurisdiction. Dkt. 41. She contends that a stay would cause a lengthy delay, citing data showing that Ninth Circuit civil appeals take an average of 13.8 months. *Id.* at 5. She also argues that a stay would increase the risk of the destruction of evidence, particularly given the volume of electronically stored information involved in this case. She asserts that a stay would not promote judicial economy because the *Montes* appeal will not resolve any merits disputes in this case. Meadows also voluntarily withdraws her non-CEMA/CPA claims to "streamline" the litigation. Dkt. 40 at 2.

Lands' End asks the Court to dismiss the case or, alternatively, to stay the case pending the Ninth Circuit's *Montes* decision. Dkt. 42. It argues that the claims in *Montes* are "squarely aligned" with those presented here and that the Ninth Circuit's decision will resolve any questions regarding standing and preemption. *Id.* at 4. It argues that a stay

---

[1] *Montes v. Catalyst Brands LLC, et. al.*, No. 2:25-cv-0281-TOR, 2025 WL 3485827 (E.D. Wash. Dec. 4, 2025).

would not result in a lengthy delay because briefing in *Montes* is "already underway" and is scheduled to be completed by August.[2] *Id.* at 3. Lands' End asks the Court to dismiss *with prejudice* Meadows' withdrawn claims, arguing that her withdrawal was procedurally improper.[3]

## I. DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). This power includes staying an action "pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp*., 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting *Levya v. Certified Grocers of Cal., Ltd*., 593 F.2d 857, 863–864 (9th Cir. 1979), *cert denied*, 444 U.S. 827 (1979)). To determine whether a stay is appropriate, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55)). Among those competing interests are (1) the possible damage which may result from granting a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and

---

[2] Pursuant to the parties' stipulation, briefing is now scheduled to be complete by September 16. *Montes,* No. 26-0241, Dkt. 37.

[3] Lands' End argues that Meadows' claims withdrawal was procedurally improper because she did not seek leave of Court or notify Lands' End as required by Federal Rule of Civil Procedure 15. Leave to amend "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs*., LLC, 629 F.3d 876, 892 (9th Cir. 2010).

questions of law which could be expected to result from a stay. *Id*. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–434 (2009). The moving party additionally bears the burden to "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *CMAX, Inc*., 300 F.2d at 255.

The *Landis* factors support a stay pending the Ninth Circuit's decision in *Montes*. This case is still in the early stages of litigation. Discovery has not yet commenced, and a class has not been certified. *See* Dkt. 44. The trial date will not be set until after the Court's ruling on class certification. *Id.* Meadows fails to show how she, or other class members, will be harmed by a relatively short delay in the adjudication of her claims.

Furthermore, *Montes* is directly on-point and will be dispositive on the threshold Article III jurisdictional question. Courts in this district have been split on the issue of standing for CEMA claims. *See* Dkt. 39. Proceeding with litigation in the face of inconsistent rulings risks wasting judicial resources and may result in unnecessary and duplicative proceedings. Numerous courts have acknowledged this inefficiency and stayed identical CEMA actions pending *Montes. See, e.g.*, *Stephen Liss et al., v. Skechers USA Inc*., No. 3:25-cv-05861-DGE, Dkt. 78 (W.D. Wash.); *Devivo v. Sheex Inc*., No. 3:25-cv-05807-DGE, Dkt. 62 (W.D. Wash.); *Shahpur, et al. v. Ulta Salon*, No. 25-cv-00284-RLP, Dkt. 86 (E.D. Wash.); *Repperger v. Ulta Salon*, No. 25-cv-00526-RLP, Dkt. 59 (E.D. Wash.); *Talley v. Everlane*, No. C26-0007-KKE, Dkt. 28 (W.D. Wash.); *Harrington et al. v. Vineyard Vines LLC*, No. 2:25-cv-01115-TSZ, Dkt. 64 (W.D.

Wash.); *Brown v. La-Z-Boy Inc., et al*., No. 2:25-cv-02203, Dkt. 26 (W.D. Wash.); *Kempf v. FullBeauty Brands Operations LLC*, 2:25-cv-01141-TSZ, Dkt. 63 (W.D. Wash.); *Alvaro Iniguez, et al., v. Crate & Barrel Holdings, Inc. et al*, No. 2:26-cv-02370-JHC, Dkt. 23 (W.D. Wash.). The orderly course of justice strongly favors a stay.

## II. ORDER

For the above reasons, this matter is **STAYED** pending the Ninth Circuit's resolution of *Montes.* Lands' End motion to dismiss, Dkt. 30, is **DENIED** without prejudice to re-file following the Ninth Circuit's decision, as applicable. The parties shall submit a joint status report within 14 days of the Ninth Circuit's decision.

**IT IS SO ORDERED.**

Dated this 1st day of September, 2026.

BENJAMIN H. SETTLE
United States District Judge